# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

DANIEL HUGHES, ET AL.                     \*CIVIL NO. 06-1894

VERSUS                                  \*JUDGE DOHERTY

POGO PRODUCING COMPANY, ET AL.      \*MAGISTRATE JUDGE HILL

## <u>MEMORANDUM RULING REGARDING MOTION TO DISQUALIFY</u>

A hearing was held on June 20, 2009, by the undersigned Magistrate Judge regarding the pending Motion to Disqualify Counsel filed by plaintiffs on March 16, 2009. [rec. doc. 153]. Defendants Wood Group Production Services (hereinafter "Wood") and Pogo Producing Company (hereinafter "Pogo") filed a Joint Opposition on March 20, 2009. [rec. doc. 156]. The parties consented to the undersigned ruling on this motion on the merits and thereafter Judge Doherty referred the Motion to the undersigned. [rec. doc. 158]. Attending the June 20th hearing were John E. McElligott, Jr., on behalf of plaintiffs; Richard A. Chopin, of the law firm of Chopin, Wagar, Kutcher, & Richard (hereinafter "Chopin Wagar"), on behalf of defendant Pogo; and Bradley Joseph Luminais, Jr., also of the law firm of Chopin Wagar, on behalf of intervenor plaintiff Wood.

## I.    Factual and Procedural Background

The general facts of this case have been set forth in previous rulings issued by this Court and will not be set forth again in this ruling. Only those facts applicable to plaintiffs' motion to disqualify counsel will be recited herein.

By their motion, plaintiffs seek an order of this court disqualifying the law firm of Chopin Wagar, and attorneys Richard Chopin and Brad Luminais, from representing both the defendant, Pogo, and the intervenor, Wood, in this matter. Plaintiffs contend that Chopin Wagar's representation of both the defendant Pogo and the intervenor Wood is a violation of the Rules of Professional Conduct as the dual representation presents an unwaivable conflict of interest for the Chopin Wagar firm. [rec. doc. 153 at p. 2]. Plaintiffs further contend that Wood's claim for reimbursement of longshore and harbor worker's compensation benefits paid to plaintiff Mr. Hughes is dependent on plaintiffs' recovery against the defendants, including Pogo. Thus, plaintiffs contend that in order to recover on its intervention claim, Wood must logically take a position adverse to Pogo.

Plaintiffs submit that this conflict occurred when Wood assumed Pogo's defense and Chopin Wagar undertook to represent Pogo in that regard. Prior to that time, plaintiffs allege that Wood's interests were aligned with plaintiffs' and were being prosecuted as such. Plaintiffs allege that Chopin Wagar's conflict is unwaivable because it involves the assertion of a claim by one client (Wood) against another client (Pogo).

In their opposition brief, defendants assert that because Wood has now assumed the defense of Pogo, and Pogo's cross-claim against Wood was dismissed on October 27, 2008 [rec. doc. 87], there are no remaining claims asserted by Wood against Pogo or vice versa. Thus, defendants' position is that there is no conflict under the Rules of Professional Responsibility and that plaintiffs have failed to prove the existence of any actual, real conflict in this case.

Further, defendants argue that Wood and Pogo have both consented to the representation of Chopin Wagar and have thus waived any alleged conflict which may exist[1]. Additionally, defendants allege that plaintiffs have failed to offer any proof that they were actually or can actually be harmed by Chopin Wagar's representation of Wood and Pogo.

## II.	The Applicable Law

The Western District of Louisiana has adopted The Louisiana Rules of Professional Conduct[2] to govern the ethical practice of attorneys practicing before this court. *See LR 83.2.4W (1999).* Rule 1.7 of the Louisiana Rules of Professional Conduct provides as follows:[3]

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>>
>> (2) the representation is not prohibited by law;

---

[1]Affidavits of both Wood and Pogo were attached to the opposition. These affidavits expressly waive any conflict.

[2] *Evans v. North Street Boxing Club,* 83 F. Supp. 741, 743 (W.D. La. 1999).

[3] La. St. Bar Art. 16, Rules of Prof. Conduct 1.7.

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

The rule of disqualification is not mechanically applied in the Fifth Circuit.[4] The Western District has noted that the Fifth Circuit has "provided clear guidance as to the need to ensure that any disqualification is linked to an actual, real conflict rather than an imaginary one."[5] Further, the Fifth Circuit emphasizes the importance of a party's ability to choose its own counsel and has held that disqualification of an entire firm would impose undue hardship on the clients.[6] Nonetheless, "[w]hen an attorney's loyalties are divided between adverse parties, he . . . can rarely represent either client adequately and is likely to guide the suit to an unsatisfactory resolution."[7] Regardless of a waiver by the actual parties involved, plaintiffs have "standing to seek disqualification even though it is not an aggrieved client because [their] attorneys are authorized to report any ethical violations committed in the case."[8]

---

[4] *FDIC v. U.S. Fire Ins. Co.,* 50 F. 3d 1304, 1314. (5th Cir. 1995).

[5] *In Re: Cardinal Services,* 2006 WL 2089925 (W.D. La. 2006).

[6] *FDIC,* 50 F.3d at 1314.

[7] *Brown & Williamson Tobacco Corp., et al. v. Lockwood-Greene Engineers et al.*, 563 F.2d 671, 673 (5th Cir. 1977).

[8] *Id.*

**III.    Analysis**

Under Rule 1.7(a)(1) of the Louisiana Rules of Professional Conduct, the Court finds

that a conflict exists in this case with respect to the concurrent representation by Chopin

Wagar of Pogo and Wood.  The existence of a claim by intervenor Wood against Pogo

constitutes an actual conflict under the Rules, since representation of Wood, with respect to

the intervention claim for reimbursement of compensation benefits, is adverse to Pogo.

Under Rule 1.7(b)(3), the Court finds that this conflict is non-waivable as the intervention

claim amounts to an "assertion of a claim by one client against another client represented by

the lawyer in the same litigation."  While the Fifth Circuit has found that exceptional

circumstances may sometimes affect the strict application of the rules regarding conflicts,[9]

no such circumstances have been suggested by Wood or Pogo in this case.

Counsel for plaintiff acknowledged at the hearing on the motion that he could point

to no actual prejudice which his client had sustained, or was likely to sustain, as a result of

the Chopin Wagar conflict.  He further candidly conceded that any such prejudice would be

minimal.

This court is loathe to interfere with the right of a party to select its own counsel.  The

Fifth Circuit clearly agrees.  *See* n.6, *infra.*  It is clear that disqualification of the Chopin

Wagar firm from this case completely would likely cause hardship to both Wood and Pogo,

particularly at this stage in the proceedings.  While the undersigned acknowledges the

---

[9] *In re Dresser Industries, Inc.*, 972 F.2d 540, 545 (5th Cir. 1992).  In *Dresser*, the Fifth Circuit, while
holding that the mover was entitled to a grant of its motion to disqualify (thereby reversing the Texas lower court),
noted that "[t]here is no suggestion that other lawyers could not ably perform his offices for the plaintiffs, nor is there
any basis for a suggestion of any societal or professional interest to be served."

apparent lack of any real prejudice or harm to plaintiffs caused by the conflict of interest, where an actual conflict exists, dual representation cannot be maintained.  The undersigned finds no evidence in the record that the plaintiff has been actually prejudiced, and finds that any potential prejudice would, at most, be minimal.  This lack of real and substantial prejudice weighs heavily against completely disqualifying Chopin Wagar from representing both Wood and Pogo in this case.

Thus, after consideration of the motion and opposition filed and the arguments made in open court, and after a review of the applicable law, and for those reasons set out above and set out in open court on July 1, 2009;

**IT IS HEREBY ORDERED THAT** plaintiffs' Motion to Disqualify Counsel is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS:**  Chopin Wagar shall not be permitted to represent both Pogo and Wood in this matter.  However, Chopin Wagner may represent either Pogo or Wood.  Therefore;

**IT IS FURTHER ORDERED THAT** Chopin Wagner shall notify both Wood and Pogo of this ruling.  Thereafter, Chopin Wagar is to confer with both clients to determine which client Chopin Wagar will continue to represent in this case.  Chopin Wagar shall then

file a motion to withdraw and/or substitute counsel for either Wood or Pogo by **July 17, 2009.**[10]

Thus done and signed this 2nd day of July, 2009, Lafayette, Louisiana.

_C. Michael Hill_

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[10]After the above ruling was drafted, but before it was signed and filed, Chopin Wagar faxed a letter and Motion for Leave to file a Supplemental Memorandum in Opposition to the Motion to Disqualify. The undersigned assumes that the Motion for Leave was filed electronically with the Clerk, but the Motion has not yet been presented to the undersigned.

Nevertheless, the undersigned has considered the Supplemental Memorandum, and will grant leave for the filing when it is presented. Suffice it to say, that the arguments made in the Supplemental Memorandum do not change the court's analysis. Basically, Chopin Wagar argues that Wood will dismiss its claim against Pogo for reimbursement of Longshoreman and Harborworker's Compensation benefits paid to the plaintiff, and that, therefore, the conflict (which it does not admit exists) will no longer exist.

This case has been pending for some time; the conflict has existed for some time; the Court's duty to enforce the Conflict Rules is clear. The presence of Chopin Wagar, representing parties on both sides of this dispute simply must cease, for those reasons set out above. The undersigned believes that this Ruling is correct, Chopin Wagar's argument presented in the Supplemental Memorandum in Opposition notwithstanding.